34 F.3d 1067
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kathy Mae BOGUESS, a/k/a Kathy Mae Nease, Defendant-Appellant.
 No. 94-5212.
 United States Court of Appeals, Fourth Circuit.
 Argued June 7, 1994.
Decided August 12, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CR-93-159)
 Argued: Claude Michael Scialdone, Scialdone & Associates, P.C., Virginia Beach, VA, for Appellant.
 Argued: Kevin Michael Comstock, Assistant United States Attorney, Norfolk, VA. On brief: Helen F. Fahey, United States Attorney, Norfolk, VA, for Appellee.
 E.D.Va.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before RUSSELL, WIDENER, and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Kathy Mae Boguess (Mrs. Nease)[1] pleaded guilty to a criminal information that charged a violation of 18 U.S.C.Sec. 1001, making a false statement in a matter within the jurisdiction of a department or agency of the United States. From November 1989 to July 1991, Mrs. Nease filed eleven false applications for Parent Loans for Underprivileged Students and fraudulently obtained approximately $43,000.00 in loan funds. She used false names and Social Security numbers to obtain the loans. During the time of the offense, she was employed as a financial aid processor at the Barclay Career School. Mrs. Nease appeals her sentence, alleging that the district court used an impermissible factor, religious beliefs, in fixing her sentence. Mrs. Nease also complains that the district court denied her a downward departure under U.S.S.G. Sec. 5K2.11. We find no error, affirm in part, and dismiss the appeal in part.[2]
 
 
 2
 * As a preliminary matter, we must decide whether Mrs. Nease waived her right to appeal her sentence. Her plea agreement provides:
 
 
 3
 The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence is determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.
 
 
 4
 During the Rule 11 colloquy, the district court explained the waiver of appeal provision in the agreement and inquired of Mrs. Nease whether she understood the provision, which she indicated she did. We have held that a waiver provision to which a defendant knowingly and voluntarily agrees, as evidenced here by the Rule 11 colloquy, is valid and enforceable. United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992). However, "a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Marin, 961 F.2d at 496. Mrs. Nease claims that her sentence was imposed on the basis of the district judge's religious and moral beliefs. The district court made certain remarks on the record during the sentencing hearing, which Mrs. Nease claims reveal these beliefs and show that they were the basis of the sentence. If Mrs. Nease is correct in her characterization of the remarks, then the district court may have used an impermissible factor in sentencing her. See United States v. Bakker, 925 F.2d 728, 740 (4th Cir.1991) (pre-Guidelines case). She therefore did not waive her right to appeal under these circumstances. See Marin, 961 F.2d at 496.
 
 II
 
 5
 Mrs. Nease's primary argument on appeal is that the district court impermissibly chose to sentence her at the top of the Guidelines range because she violated the religious principles and morals of the district judge by becoming pregnant at fourteen while unmarried.[3] The district court apparently had the impression that the child was illegitimate, although Mrs. Nease subsequently married the father.[4]
 
 
 6
 During the sentencing hearing, Mrs. Nease's counsel made much of the fact that her childhood had been less than ideal and her marriage to her baby's father had been a poor one. Counsel also emphasized that Mrs. Nease had supported her mother and grandmother, successfully raised her son, and was active in her church. Counsel's argument to the district court at sentencing was a plea to depart from or go outside of the Guidelines, as counsel candidly admitted to the district court. The argument was not based on any specific departure factor, however.[5] The argument was that the district court should have mercy because Mrs. Nease was a good person and had had a hard life, and she tried always to do the right thing.
 
 
 7
 In response to this argument, the district court explained that it would not depart from the Guidelines:
 
 
 8
 THE COURT: I suppose, Mrs. Nease, I am probably speaking as much to your stepmother and your son[6] as I am to you. Obviously you have discussed this matter with your attorney and you understand that the United States Congress has passed a law which provides that certain sentencing guidelines are binding upon this court and the facts developed in your presentence report which the court has all ruled on now are applied to a formula set up by the Sentencing Commission, and that Sentencing Commission comes up with a recommended range of sentence, and in your case it is from 8 to 14 months. I have no right to depart from that unless I find that there's something about your case that the Sentencing Commission did not consider at the time that they adopted the sentencing guidelines.
 
 
 9
 I find nothing in your case that is so out of the ordinary that the Sentencing Commission could be presumed not to have considered this in propounding the sentencing guidelines. As a matter of fact, your case fits a pattern that's a well-known pattern. If children insist on getting in bed before they are of age and before they are married and they have illegitimate children, it does have a marked effect on their lives, and that's unfortunately too prevalent in society today. I wish there were some way that civic leaders and church leaders could persuade youngsters to save themselves for marriage.
 
 
 10
 But, in any event, in your case you falsified eleven loans, not just one[ ] spontaneously to cover a bad break that you felt you could pay back, but over a period of approximately two years you falsified eleven loans and you did so with a good deal of planning and cunning, and I cannot find that this was any spontaneous spur-of-the moment type of background on your part. This was a long, drawn-out, carefully thought out plan....
 
 
 11
 ....
 
 
 12
 Also, while you did have a lot of problems in your youth, maybe by not being provided a good home life by your parents and that sort of thing, you were 32 years old, according to my calculations, when you committed these crimes, and that was some seventeen years after having your child at fifteen, so that I cannot say that you were still in some sort of youthful quandary at the time that you did this.
 
 
 13
 The sentencing range now is 8 to 14 months, and it's my understanding that I can give you a split sentence, require you to serve half of the sentence in imprisonment and the other half under home confinement or some confinement of that type. I am doing this somewhat against my better judgment, but after persuasive argument by your attorney I am going to render a split sentence. I am going to require you to spend 7 months in incarceration, which is half of the maximum and I set that maximum because you stole $43,000 and that's not just something--not an amount which is designed to get you over a momentary financial problem. $43,000 is a lot of money, and dealing it over eleven transactions over a period of almost two years is not an innocent, childish, spur-of-the-moment, thoughtless thing.
 
 
 14
 From the remarks quoted above, it is clear that the district court did not render the sentence as a result of any improper religious or moral bias. Instead, the amount of money and planning involved were the determinative factors. The district court did not use the information about Mrs. Nease's child in a punitive way. Counsel for Mrs. Nease made a plea for mercy based on the birth of the child. The district court found that the birth of the child had nothing to do with a crime committed some seventeen years later, and also found nothing uncommon in Mrs. Nease's situation that could be said to have not been considered by the Sentencing Commission. We find no error or impermissible factor in the district court's sentencing of Mrs. Nease.[7]
 
 III
 
 15
 Mrs. Nease's second contention is that the district court should have granted her a downward departure under U.S.S.G.Sec. 5K2.11, that she committed the instant offense to avoid a perceived greater harm. The district court decided that U.S.S.G. Sec. 5K2.11 did not apply in this case. The district court's failure to depart downward in these circumstances is not appealable. United States v. Bayerle, 898 F.2d 28, 30-31, 32 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 16
 Other than the claim that the district court erred in failing to grant a downward departure, the sentence appealed from is accordingly
 
 
 17
 AFFIRMED.
 
 
 18
 So far as the appeal concerns a failure to grant a downward departure, the appeal is
 
 
 19
 DISMISSED.
 
 
 
 [1]
 The appellant remarried in 1992. At the time of the offense, she had not remarried, and some of the court documents in this case refer to her by the name she then used, Mrs. Boguess. We use her current husband's name, as she does
 
 
 [2]
 We deny Mrs. Nease's motion for reconsideration of our denial of her motion for leave to appeal in forma pauperis filed on June 3, 1994
 
 
 [3]
 Ordinarily, we cannot review a district court's decision to sentence at the top of the correct Guidelines range. United States v. Porter, 909 F.2d 789, 794 (4th Cir.1990). Assuming, without deciding, that the Marin rationale would apply equally to sentences that are fixed at the top of the Guidelines range because of an impermissible sentencing factor, we will review Mrs. Nease's claim
 
 
 [4]
 The district court's misunderstanding apparently was not whether she married the father, because there was ample testimony that she had, but whether the marriage took place before or after the birth of the child. The dates of the birth and marriage were incorrectly stated in the presentence report and apparently were not objected to below. Counsel has sent certified copies of the marriage and birth certificates to us. The mistake in the presentence report, as well as whether the child was, in fact, legitimate or illegitimate are not material to the issue involved in this case. The papers submitted by counsel therefore do not alter our decision
 
 
 [5]
 The U.S.S.G. Sec. 5K2.11 factor, which is discussed in Part III, was initially mentioned by the Government, and followed up by the defendant on appeal
 
 
 [6]
 Both her stepmother and her son testified at Mrs. Nease's sentencing
 
 
 [7]
 Mrs. Nease also points to several remarks in the record that reveal, according to her, the district court's animosity toward her. For instance, she claims that the district court tried to discourage her from testifying at the hearing. The sentencing transcript belies all of these claims. The claimed instance, for example, was in fact the district court's attempt to make sure that Mrs. Nease understood her rights with respect to testifying. Such claims are a mischaracterization of the record